UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04213-SEB-MPB |
| ) | |
| ANDREW M. SAUL Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON
APPROPRIATE DISPOSITION OF THE ACTION**

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a Report and Recommendation as to its appropriate disposition. (Docket No. 9). Plaintiff Pamela S.,[1] who proceeds in this matter *pro se*, seeks judicial review of the Social Security Administration's final decision deeming her ineligible for Supplemental Security Income (SSI). The matter is fully briefed with the reply period passing without filing from Pamela S. (Docket No. 10; Docket No. 17). It is recommended that the District Judge **AFFIRM** the decision of the Commissioner of the Social Security Administration finding that Plaintiff Pamela S. is not disabled.

**I. Introduction**

Pamela S. applied for SSI under Title XVI of the Social Security Act, 42 U.S.C. § 1614(a)(3)(A) on January 19, 2016. (Docket No. 7-7 at ECF pp. 17–25). After a hearing, an ALJ

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and the Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

issued a decision that Pamela S. was not disabled since the date she filed her application. (Docket No. 7-2 at ECF pp. 64–83). The Appeals Council denied Pamela S.'s request for review of this decision. (Docket No. 7-2 at ECF pp. 2–6), thereby rendering it the Agency's final decision for the purposes of judicial review. *See* 20 C.F.R. § 416.1481. The court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

Pamela S.'s appeal, which she filed without the assistance of an attorney, largely consists of a brief summary of her ailments and portions of medical records, which she attaches without explanation. Her brief does not expressly state why she believes the Administrative Law Judge's decision should be remanded; she just states she believes the wrong decision has been made considering she is classified as medically frail. She does specify that one of her complaints is for left arm and right foot impairments.

## II. Standard for Proving Disability

To prove disability, a claimant must show she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Plaintiff is disabled if her impairments are of such severity that she is not able to perform the work she previously engaged in and, if based on her age, education, and work experience, she cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3)(B). The Social Security Administration (SSA) has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 416.920(a).

Step one asks if the claimant is currently engaged in substantial gainful activity; if she is, then she is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe. If they are not, then she is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Listings). The Listings includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similarly listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then her residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite her impairment-related physical and mental limitations. 20 C.F.R. § 416.920(e). At the fourth step, if the claimant has the RFC to perform her past relevant work, then she is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on her vocational profile (age, work experience, and education) and her RFC. If so, then she is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given her age, education, work experience, and

functional capacity. 20 C.F.R. §§ 416.912 and 416.960(c); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

### III.     Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. This court must affirm the ALJ's decision unless it lacks the support of substantial evidence or rests upon a legal error. *See, e.g.*, *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); 42 U.S.C. § 405(g). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). The ALJ—not the court—holds discretion to weigh evidence, resolve material conflicts, make independent factual findings, and decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399–400 (1971). Accordingly, the court may not reevaluate facts, reweigh evidence, or substitute its judgment for the ALJ's. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).

The ALJ is required to articulate a minimal, but legitimate, justification for the decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in the decision, but she cannot ignore a line of evidence that undermines the conclusions she made. The ALJ must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

### IV.     Analysis

**A.     Statement of Facts**

In terms of physical impairments, in January 2016, Pamela S. was referred to a podiatrist for food pain. (Docket No. 7-23 at ECF p. 29). She was diagnosed with acquired bilateral hallux valgus. (Docket No. 7-25 at ECF pp. 14, 33). In February 2016, a consulting physician noted

4

that Pamela S. walked with a slight limp and used a cane to balance, but the physician stated that the cane did not appear medically necessary, as Pamela S. was able to ambulate without it. (Docket No. 7-24 at ECF pp. 102–03).

Pamela S. underwent bunionectomies on her left foot in June 2016 and on her right foot in January 2017. (Docket No. 7-31 at ECF p. 34). Pamela S. was prescribed a walking boot after her first foot surgery, but she was no longer wearing it at least as of September 30, 2016. (Docket No. 7-20 at ECF p. 6–7). There was also no mention of a cane during this visit (*id.*) or at a primary care appointment for foot pain in July 2017. (Docket No. 7-31 at ECF pp. 24–27). Pamela S.'s podiatrist did not note use of a cane at a February 8, 2018 appointment (Docket No. 7-34 at ECF p. 11). He explained that Pamela S. had "the beginning of hammertoes" but physical exam showed normal range of motion and full muscle strength. (*Id.*). At her March 27, 2018, medical appointment, a physical exam demonstrated Pamela S. was "walking with limp, soft brace on left knee[,] managed stairs ok." (Docket No. 7-35 at ECF p. 37).

Pamela S. reported knee pain in September 2017. (Docket No. 7-34 at ECF p. 29). Radiographs showed mild lateral compartment narrowing bilaterally and no acute osseous findings. (*Id.*). In March 2018, Pamela S. complained of chronic low back pain. (Docket No. 7-36 at ECF p. 2). Radiographs showed mild multilevel degenerative changes, most prominent at L2-3 and L3-4, with no significant disc height loss or vertebral body compression deformities. (*Id.*). State agency reviewing physicians Jerry Smartt, Jr., M.D., and J. Sands, M.D., opined in February 2016 and May 2016, respectively, that Pamela S. was capable of performing a range of medium-level work. (Docket No. 7-4 at ECF pp. 28–30, 41–43).

In terms of mental health impairments, Pamela S. had a history of alcohol abuse and underwent outpatient substance abuse treatment for three months in 2017. (Docket No. 7-26 at

5

ECF p. 2 to Docket No. 7-28 at ECF p. 64). Pamela S. attended mental health therapy on fourteen occasions from August 2016 through August 2017. (Docket No. 7-34 at ECF p. 39). The therapist did not provide treatment notes. During a psychiatry appointment with a certified nurse specialist on March 27, 2018, Pamela S.'s mental status exam was normal. (Docket No. 7-35 at ECF p. 40).

A consultative psychologist examined Pamela S. in March 2016 and noted some cognitive issues, but found Pamela S. capable of performing simple work. (Docket No. 7-24 at ECF p. 110). The psychologist noted an estimated low-average intelligence and limited fund of knowledge, but normal thought content and logical, sequential, and pertinent thought processes. (Docket No. 7-24 at ECF pp. 107–08). Pamela S. exhibited normal speech, appropriate effect, and good eye contact. (Docket No. 7-24 at ECF p. 107). The psychologist noted orientation to person, place, and time, as well as normal movements and ability to stay seated, but poor abstract reasoning and somewhat disorganized presentation. (Docket No. 7-24 at ECF pp. 107–08). Pamela S. exhibited fair to good hypothetical judgment but limited practical judgment and insight. (*Id.*). Two state agency reviewing experts, S. Hill, Ph.D. and B. Randall Horton, Psy. D., opined in March 2016 and May 2016, respectively, that Pamela S., had no more than moderate functional limitations due to her mental impairments. (Docket No. 7-4 at ECF pp. 26–27, 30–31, 39–40, 43–45).

Pamela S. was represented by counsel at her March 13, 2018, administrative hearing, where she testified that she could not work because of foot and knee pain as well as sleep issues. (Docket No. 7-3 at ECF p. 20). Pamela S. testified she could only stand for two or three minutes due to arthritis in both knees. (Docket No. 7-3 at ECF p. 21). She stated she could stand for "at least" five minutes using a cane and sit for only fifteen minutes (Docket No. 7-3 at ECF

6

pp. 21–22). Pamela S. asserted that she could not alternate between sitting and standing much, and her time spent sitting decreased, as her knee and ankle throbbed when sitting. (Docket No. 7-3 at ECF pp. 21–23). Pamela S. stated that her pain caused her sleep to suffer. (Docket No. 7-3 at ECF p. 23). She stated that she uses a cane "all the time" for the past two-and-a-half years. (Docket No. 7-3 at ECF p. 25). She also stated that she could not do a sit-down job due to left eye cataracts. (Docket No. 7-3 at ECF p. 17). A vocational expert testified that the hypothetical person with Pamela S.'s vocational profile could perform a limited to a restricted range of sedentary level work and also gave several examples of the same. (Docket No. 7-3 at ECF p. 28–30).

**B.    The ALJ's Sequential Findings**

The ALJ followed the five-step sequential evaluation and ultimately concluded that Pamela S. was not disabled. (Docket No. 7-2 at ECF p. 74). At step one, the ALJ found that Pamela S. had not engaged in substantial gainful activity.[2] (Docket No. 7-2 at ECF p. 69). At step two, the ALJ found that Pamela S. had the following severe impairments:

> [D]egenerative joint disease of the knees, bilateral hallux valgus, status post bilateral bunionectomies, degenerative disc disease of the lumbar spine, depressive disorder, and posttraumatic stress disorder (PTSD)

(*Id.*). At step three, the ALJ found that Pamela S. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.* at ECF p. 70). After step three, but before step four, the ALJ concluded:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except:

---

[2] Substantial gainful activity is defined as work activity that is both substantial (i.e., involves significant physical or mental activities) and gainful (i.e., work that is usually done for pay or profit, whether a profit is realized. 20 C.F.R. § 416.971.

7

>frequently climb ramps and stairs, balance, stoop, kneel, and crouch; never climb ladders, ropes, or scaffolds; never be required to work around unprotected heights, moving mechanical parts, or be required to operate a motor vehicle; simple, routine tasks; and simple work-related decisions.

(Docket No. 7-2 at ECF p. 71).

At step four, the ALJ concluded that the claimant is unable to perform any past relevant work. At step five, the ALJ concluded that the Plaintiff was forty years old, or a younger individual, on the date the application was filed, with at least a high school education and an ability to communicate in English. (*Id.* at ECF p. 74). The ALJ then found that there were a significant number of jobs in the economy that Pamela S. could still perform and, thus, she was not disabled. (*Id.*).

After the ALJ's decision, Pamela S. submitted medical records reflecting additional treatment, including surgeries in January and September 2019. (Docket No. 7-2 at ECF pp. 8–61; Docket No. 7-9 at ECF p. 34).

C. **Discussion**

The ailments and evidence Plaintiff lists fall into at least one of two categories: (1) new evidence relating to old impairment allegations that were before the ALJ, or (2) restatements of evidence or allegations of impairments that the ALJ considered.

The undersigned finds that the ALJ reasonably determined that Pamela S. was not disabled, as she remained capable of performing a limited range of sedentary-level work during the relevant period, from January 19, 2016, the date Pamela S.'s application was filed, to September 5, 2018, the date of her decision. The ALJ reviewed Pamela S.'s claims and testimony, as well as her treatment history. In determining Pamela S.'s residual functional capacity, the ALJ considered numerous factors, including evidence showing that she did not

8

need her cane as often as claimed. (Docket No. 7-2 at ECF pp. 72–73, referencing Docket No. 7-24 at ECF pp. 102–03 (doctor noting cane not medically necessary)). The ALJ accurately noted minimal treatment for Pamela S.'s physical and mental impairments. (Docket No. 7-2 at ECF p. 73). The ALJ reasonably considered Pamela S.'s course of treatment. *See* 20 C.F.R. § 416.929(a), (c)(3)(v) (agency to consider treatment history).

The ALJ also considered the various medical opinions of record, none of which provided the possibility of greater limitations for Pamela S. (Docket No. 7-2 at ECF p. 73, referencing Docket No. 7-4 at ECF pp. 26–31, 39–45, 110). "The ALJ [] is not only allowed to, but indeed must, weigh the evidence and make appropriate inferences from the record." *Seamon v. Astrue*, 364 Fed. App'x 243, 247 (7th Cir. 2010). Overall, the ALJ provided a narrative discussion of the medical and non-medical evidence and assessed Pamela S.'s abilities in accordance with 20 C.F.R. § 416.945 and SSR 96-8p, which require an ALJ to explain how the evidence supports her RFC findings, discuss the claimant's symptoms, and consider medical source opinions.

Pamela S. alleges that the ALJ erred in part because of additional treatment that came after the ALJ's decision in September 2018. (Docket No. 10 at ECF pp. 1–2). Any such evidence should not be considered in reviewing the ALJ's decision unless it is new and material. *See* 42 U.S.C. § 405(g); *Eads v. Sec'y of Dept. of HHS*, 983 F.2d 815, 817–18 (7th Cir. 1993). The burden of proving that remand is warranted falls upon the movant. *See Jens v. Barnhart*, 347 F.3d 209 (7th Cir. 2003). "Evidence is material if there is a reasonable possibility that it would have changed the outcome of the [Commissioner's] determination." *Sears v. Bowen*, 840 F.2d 394, 400–01 (7th Cir. 1988). But medical evidence postdating the ALJ's decision is not material "unless it speaks to the patient's condition at or before the time of the administrative hearing." *Getch v. Astrue*, 539 F.3d 473, 484 (7th Cir. 2008); *see also Schmidt v. Barnhart*, 395 F.3d 737,

742 (7th Cir. 2005) ("[N]ew evidence is material only if it is relevant to the claimant's condition during the relevant period encompassed by the disability application under review.") (citation and internal quotation omitted).

Here, Pamela S. has not attempted to show that this new evidence spoke to her condition at or before the time of the administrative hearing. Indeed, the evidence reflects treatment from many months and even years after the hearing. To the extent Pamela S. believes this new evidence shows a worsening condition, she may submit a new application. *See Getch*, 539 F.3d at 484; *see also McFadden v. Astrue*, 465 Fed. App'x 557, 560 (7th Cir. 2012) ("if any of her conditions have worsened since the ALJ issued her decision, then she may reapply for benefits . . .").

In all, the record supports the ALJ's determination that Pamela S. was not as functionally impaired as alleged. That Pamela S. might prefer a different assessment, or that evidence could potentially have been construed to support a different outcome, is not a basis for disturbing the ALJ's determination. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## V. Conclusion

For all these reasons, the Magistrate Judge recommends that the Court **AFFIRM** the ALJ's opinion. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

**SO RECOMMENDED** the 19th day of May, 2020.

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

**DISTRIBUTION:**

U.S. Mail to:
PAMELA RENA SCALES
1060 N. Ridgeview Dr.
Indianapolis, IN 46219


Served electronically on all ECF-registered counsel of record.